## Ford v. Pike County Board of Education.

May 3, 1949.

J. E. Childers for appellants.

Hobson & Scott and Giles J. McCarthy for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants instituted this action to enjoin the Pike County Board of Education from asserting claim to a piece of property in fee and from building a caretaker's home thereon. The appeal is from a judgment in favor of the Board of Education.

In 1938, the Board of Education instituted a condemnation proceeding against the appellants to acquire a small tract of land for a school site. The condemnation deed recited that the land was "to be used and controlled by it for the purpose for which condemned, and for its use in the construction, maintenance and operation of its school building in Pike County, Kentucky." The school building was erected and this action was instituted shortly after the Board of Education began the erection of a caretaker's home on the site. It is the contention of the appellants that the Board has gone beyond the scope of the purpose for which the land was condemned and that they should be adjudged the owners of the land subject to the ease-

178

ment vested in the Board of Education to build and operate a school building.

Obviously, the Board of Education would have no power under KRS 162.010 to acquire any land except for school purposes. Under that statute all titles to land for school purposes must be taken in fee simple, except where land is acquired by condemnation proceedings. KRS 160.160 vests boards of education with broad powers in the conduct and management of their affairs. The property in question was acquired for school purposes. The term "school purposes" is a broad and comprehensive one. A modern school building program might well include facilities for the housing of all school activities, including shops and home economics buildings, as well as living quarters for teachers and custodial employees, where conditions warrant.

Under the circumstances, we think the judgment should be and it is affirmed.